**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRYAN ALMOND,

        Plaintiff,

                                                Case No. 21-11854

v.

LOGISTICS INC. d/b/a RELIABLE DELIVERY,

        Defendant.

_____/

**ORDER GRANTING MOTION TO
SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF NO. 7)**

On August 10, 2021, Plaintiff Bryan Almond filed the instant action against Defendant Logistics Inc. d/b/a Reliable Delivery alleging two counts: a violation under the Americans With Disability Act (Count I) and a violation under the Persons with Disabilities Civil Rights Act (Count III (sic)). (ECF No. 1)

Almond filed a Request for Clerk's Entry of Default on January 6, 2022. A Clerk's Entry of Default was entered on January 7, 2022 against Logistics. (ECF No. 5) On January 18, 2022, the instant motion was filed by Logistics. (ECF No. 7) Almond filed a response opposing the motion. (ECF No. 8)

Logistics claims the failure to timely file an answer was the inadvertent mistake by defense counsel, claiming that the filing deadline was not entered into defense counsel's docket management system, even though a draft Answer was prepared by his assistant. Defense counsel further asserts that the associate who had the responsibility for conducting the investigation in Almond's initial charge before the Equal Employment Opportunity Commission ("EEOC") had resigned from the firm and that the replacement to pick up the associate's task had not been determined. Defense counsel also claims that during the months between October through December 2021, his caseload ballooned when he received over 70 EEOC charges involving a single client. During this time, defense counsel notes that the firm's staff was working remotely.

It was not until January 10, 2022, when defense counsel reviewed his cases, that he came upon this lawsuit and realized that he had not reassigned the case to another attorney in his office. Defense counsel states that upon review of the civil docket report, he noticed that a Clerk's Entry of Default had been entered on January 7, 2022. On January 11, 2022, defense counsel filed an appearance, and later filed the instant motion.

Almond responds that the firm was aware of the Complaint and the filing deadline. No affidavit was attached to the motion attesting to the fact

that defense counsel was negligent in answering the complaint. (The motion was a "verified" motion which means that the signer attests or swears to the statements in the motion.)  Almond claims that even though the Answer was due on November 23, 2021, he waited until January 6, 2022 to request a Clerk's Entry of Default.  Almond asserts the default was willful and the motion should be denied.

Rule 55(c) of the Rules of Civil Procedure states that the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).  Fed. R. Civ. P. 55(c).  Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. *Shepard Claims Service, Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986).  Three factors must be determined to set aside a default under Rule 55(c):  1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default.  *Id.* at 192.  Delay alone is not sufficient for determining prejudice.  *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 398 (6th Cir. 1987).  Likelihood of success is not a measure as to the defense, but that if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.  *Id.* at 398-99.  All three factors must be considered in ruling on a motion to set

aside entry of default. *Shepard Claims,* 796 F.2d at 194. However, when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a wilful failure of the moving party to appear and plead. *Id.* In a Rule 55(c) motion to set aside entry of default, the "good cause" standard is applied and it is not absolutely necessary that the neglect or oversight be excusable as a reason for the delay. To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Id.* Where a defendant files an entry of appearance and an answer shortly after learning that default had been entered, the delay is not lengthy and there is no pattern of disregard for court orders or rules. The strong policy in favor of deciding cases on the merits outweighed any inconvenience to the court or plaintiff. *Id.*

The Sixth Circuit notes that a more lenient standard is applied to Rule 55(c) motion where there has only been an entry of default as opposed to the more stringent standard applied to Rule 60(b) motions where a default judgment has been entered. *Id.* at 193. Since entry of default is just the first procedural step on the road to obtaining a default judgment, the same policy of favoring trials on the merits applies. *Id.*

Regarding the prejudice to the plaintiff factor, any claim of prejudice because of a delay weighs against the plaintiff. The Clerk's Entry of Default was entered on January 6, 2022. Defense counsel filed an appearance on January 11, 2022 and the instant motion on January 18, 2022. Almond argues that there was prejudice based on inexcusable neglect on the part of defense counsel, citing *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983). *United Coin* is distinguishable because that analysis is based on a motion to set aside an entry of *default judgment*, which applies a stricter standard than a *clerk's entry of default,* where no judgment has been entered. *Shepard Claims,* 796 F.2d at 193.

Regarding a meritorious defense, Logistics asserts it presented a vigorous defense to Almond's claim before the EEOC. Exhibit B to the motion shows that the EEOC issued a Notice a Right to Sue at Almond's request (which was not attached to Almond's Complaint which a plaintiff with an EEOC charge usually does as a matter of course). Exhibit C to the motion shows that Logistics responded to Almond's counsel indicating that Almond was not constructively discharged from his position. Logistics has presented a meritorious defense to Almond's claims.

As to whether culpable conduct of Logistics led to the default, other than not filing an Answer timely, Logistics has not displayed either an intent

5

to thwart judicial proceedings or a reckless disregard for the effect of its conduct on these proceedings. According to defense counsel, as soon as he determined that an Answer had not been filed in this action, he filed an appearance and the instant motion. Defense counsel admitted to his failure to timely file an Answer on behalf of his client due to the failure to put the matter on his calendar and the failure to assign the matter to an associate when the associate assigned to the matter left the firm.

Weighing the factors above, the first two factors weigh in favor of the defense, which is sufficient to set aside the entry of default. The culpable conduct factor also shows there was no intent to thwart the proceedings or a reckless disregard to do so; rather, it was defense counsel's failure to review his cases timely. The client should not be punished at this juncture of the proceedings where only a Clerk's Entry of Default has been entered and not a default judgement. Moving forward, the Court expects the defense and plaintiff to be diligent in proceeding in this matter.

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside the Clerk's Entry of Default (ECF No. 7) is GRANTED.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED: March 10, 2022